■ In the Matter of WILLIE R. FELTON, for Reinstatement to the Practice of Law. [797 NYS2d 348]—Order entered denying application for reinstatement. Memorandum: Petitioner has failed to sustain his burden of demonstrating by clear and convincing evidence that he has complied with the order of disbarment, that he has the requisite character and fitness to practice law or that it would be in the public interest to reinstate him. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Lawton, JJ.

■ In the Matter of CHRISTOPHER J. ZITO, an Attorney, Respondent. [797 NYS2d 348]—Order of suspension entered pursuant to Judiciary Law § 90 (4) (f) and (g). Present—Green, J.P., Scudder, Gorski, Pine and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TERREL SMITH, Appellant. [797 NYS2d 333]—Motion for writ of error coram nobis denied. Memorandum: The period of time from defendant's arrest to the commencement of trial was not so excessive as to constitute a violation of appellant's constitutional right to a speedy trial (*see* CPL 30.20). Nor has defendant shown any prejudice by reason of such delay. Appellate counsel's failure to raise a constitutional speedy trial issue on appeal consequently did not deprive appellant of his right to meaningful representation (*see People v Stultz*, 2 NY3d 277 [2004], *rearg denied* 3 NY3d 702 [2004]). Present—Pigott, Jr., P.J., Scudder, Gorski, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD J. SORRENTINO, Appellant. [797 NYS2d 335]—Motion for reargument denied. Memorandum: Because a reasonable view of the evidence presented at the trial did not support the affirmative defense of not guilty by reason of mental disease or defect (Penal Law § 40.15), appellate counsel's failure to raise an issue on appeal concerning the trial court's refusal to instruct the jury as to such defense did not deprive appellant of his right to meaningful representation (*see People v Stultz*, 2 NY3d 277 [2004], *rearg denied* 3 NY3d 702 [2004]). The motion by appellant for reargument of the Court's prior denial of his writ of error coram nobis is consequently denied. Present—Pigott, Jr., P.J., Scudder, Kehoe and Pine, JJ.